IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,245




EX PARTE SUSAN LUCILLE WRIGHT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 937134-A IN THE 263RD DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to 25 years’ imprisonment. The Fourteenth Court of Appeals affirmed her conviction.
Wright v. State, 178 S.W.3d 905 (Tex. App.— Houston [14th Dist.] 2005, pet ref’d).
            Applicant contends counsel rendered ineffective assistance in the guilt phase, in the
punishment phase, and during the hearing on the motion for a new trial. 
            Based on the trial judge’s findings pronounced in open court and our own review of the
record, we find that counsel rendered ineffective assistance during the punishment phase of trial. 
Strickland v. Washington, 466 U.S. 668 (1984). 
            Relief is granted in part. The judgment of conviction in Case No. 937134-A from the 263rd
Judicial District Court of Harris County is set aside, and the Applicant is remanded to the custody
of the Sheriff of Harris County so that a new punishment trial can be conducted. 
            We decline to adopt the trial judge’s written findings of fact and conclusions of law because
either they are not supported by the record or they are contrary to the law.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: October 28, 2009
Do Not Publish